```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA

                    CHARLESTON
```

**ROBERT MILLER,**

      **Movant,**

v.                                 **Case No. 2:05-cr-00251**
                                     **Case No. 2:08-cv-01212**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on October 23, 2008 (docket # 43). Robert Miller (hereinafter "Defendant") is serving a 57 month sentence imposed on October 10, 2006 (reduced from 70 months pursuant to a sentence reduction per 18 U.S.C. § 3582(c)(2) on February 29, 2008, # 40), following his guilty plea to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Judgment was entered October 24, 2006 (# 32). Defendant did not take a direct appeal. Accordingly, Defendant's judgment was final upon the expiration of ten days after the entry of the judgment, or November 7, 2006.

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act

of 1996,(hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Defendant's conviction became final on or about November 7, 2006, when the time for filing a notice of appeal expired, and none of the other events specified in section 2255 are applicable in this case. Therefore, Defendant's time to file his section 2255 motion expired on or about November 7, 2007, and his petition is untimely, having been filed almost one year late. Defendant acknowledges that his motion is late. (Motion, # 43, at 1.)

The relief that Defendant seeks is a re-sentencing at which he would receive a downward adjustment for acceptance of responsibility. Defendant was denied the adjustment at his sentencing because he had been arrested, while on bond, for trespassing, fleeing, and possession with intent to deliver a

controlled substance (cocaine base). At the sentencing hearing, Defendant and his attorney acknowledged that there was sufficient evidence to find probable cause that, while on bond, Defendant possessed cocaine base with intent to distribute it, although the charge was still pending in state court. (Tr. Disp. Hrng, # 36, at 4.) Judge Copenhaver found that Defendant had "not withdrawn from the criminal conduct which brings him here in the first place, but has continued that course of conduct to the end that he has not severed his ties with the criminal community and has continued to engage in very similar conduct to that described in the offense of conviction." Id., at 10. On that basis, the downward adjustment for acceptance of responsibility was denied. Id., at 10-11.

Defendant contends that Rule 9 of the Rules Governing Section 2255 Proceedings permits his late filing, that there is no prejudice to the government, and that he has learned that the state charges against him were dismissed with prejudice. (Motion, # 43, at 1-3.)

Rule 9 does not permit a late filing of a § 2255 motion; it provides that a defendant must obtain authorization from the court of appeals in order to file a second or successive motion. Prejudice to the government is irrelevant; the one-year limitation is a matter of statute, and a defendant must demonstrate that he falls within one of the statutory exceptions in order to avoid being time-barred. The fact that the state charges were dismissed

3

with prejudice is also irrelevant; it was Defendant's conduct while on bond, not the possibility of another conviction, which resulted in the denial of acceptance of responsibility. Defendant's reasons for his late filing do not appear to constitute good cause for the application of equitable tolling of the statute of limitations.

Consistent with United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008), this Proposed Finding and Recommendation constitutes notice to Defendant that the court intends to apply the one-year statute of limitations to bar his § 2255 motion, and he has an opportunity to respond by filing objections as set forth below. The undersigned proposes that the presiding District Judge **FIND** that Defendant's § 2255 motion was filed after the expiration of the statute of limitations and is untimely.

It is respectfully **RECOMMENDED** that the § 2255 motion be dismissed with prejudice.

Defendant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Defendant shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this

Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Defendant and to counsel of record.

    October 28, 2008  
          Date

Mary E. Stanley  
United States Magistrate Judge